```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                                      :
LPUSA, LLC
                                      :
     v.                               :  Civil Action No. DKC 24-1385
                                      :
WHEELZ UP GARAGE, INC., et al.
                                      :
```

**MEMORANDUM OPINION**

Defendant and Third-Party Plaintiffs Wheelz Up, LLC and Wheelz Up Garage, Inc. (together "Wheelz Up") filed a motion on September 4, 2024, for additional time to serve Third-Party Defendant Adrianne Harold Cordero ("Mr. Cordero") and to allow for alternative service. (ECF No. 34). The court has not ruled on the motion for at least fourteen (14) days after it was filed to allow time for any opposition. However, no response has been filed. The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.   Background**

Plaintiff LPUSA, LLC filed this action on May 10, 2024, alleging that Wheelz Up submitted duplicative invoices fraudulently that were paid. (ECF No. 1). On June 4, 2024, Wheelz Up filed notice that a separate action was pending before the court involving the same conduct, namely Wheelz Up, LLC, et al. v. Adrianne Harold Cordero, et al., Civil Action No. DKC 24-212

("related case").  (ECF No. 18).  This case was thereafter reassigned to the undersigned.

On June 6, 2024, Wheelz Up filed an Answer and Third-Party Complaint against Mr. Cordero.  (ECF No. 22).  The Clerk issued a Third-Party Summons to Mr. Cordero on June 10, 2024.  (ECF No. 26).  Plaintiff's motion for the entry of a scheduling order was granted on August 20, 2024 (ECF No. 32) and a Scheduling Order was entered the same date (ECF No. 33).  Currently, discovery closes February 5, 2025, and the dispositive motions deadline is March 7, 2025.

Wheelz Up filed the instant motion on September 4, 2024, seeking both additional time to serve Mr. Cordero and permission to serve him by alternate means.  A private process server, Capitol Process Services, Inc. ("Capitol Process") was retained to serve Mr. Cordero but has been unsuccessful.  The Affidavit of Rebecca Short, the custodian of records for Capitol Process, recounts that in June 2024 four attempts were made to serve Mr. Cordero at his last known address on Lindell Road in Las Vegas and four attempts were made at his mother's last known address in Mission Viejo, California.  In the last attempt, on June 28, 2024, an occupant answered the door and indicated that Mr. Cordero is unknown and does not live there.  In July 2024, Capitol Process made two "stake out" attempts, neither of which were successful.  During the "stake

2

out" attempt on July 11, 2024, a neighbor advised that the occupant may be out of town.

Wheelz Up retained Capitol Process to serve Mr. Cordero in the related case also. In that case, service was attempted unsuccessfully on Mr. Cordero an additional twenty-seven (27) times.

Attached to the pending motion is a Declaration by Frederick Lopez, the Chief Executive Officer for Wheelz Up, attesting that he discussed the purported misappropriation of funds with Mr. Cordero in October 2023 and again on February 15, 2024. (ECF No. 34-2, pp. 2-5). Wheelz Up asserts that Mr. Cordero is aware that suit has been filed to recover the alleged misappropriated funds and that he is evading service.

## II. Analysis

### A. Plaintiff's Motion to Extend Time to Effect Service

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). In light of the Supreme Court's dicta explaining that under the 1993 amendments to the Rules, "courts

3

have been accorded discretion to enlarge the [service of process] period '*even if there is no good cause shown*,'" *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (emphasis added) (citing Fed.R.Civ.P. 4(m) advisory committee's note to 1993 amendment), courts in this Circuit have increasingly sanctioned extending time for parties to effect service even without cause. *See, e.g., Gelin v. Shuman,* 35 F.4th 212, 219 (4th Cir. 2022) ("[W]hile a district court *must* extend the time for service when a plaintiff shows good cause, such a showing is not *necessary* for the court to grant an extension *in its discretion*."); *Whetstone v. Mayor & City Council of Baltimore City*, No. ELH-18-738, 2019 WL 1200555, at *7 (D.Md. Mar. 13, 2019) ("[I]t is within the Court's discretion to extend plaintiff's time to serve under Rule 4(m).").

"Good cause" generally requires the Plaintiff to demonstrate that it exercised "reasonable diligence in trying to effect service." *Jones v. Sears, Roebuck & Co.*, No. DKC-15-3092, 2016 WL 1696557, at *2 (D.Md. Apr. 28, 2016). Circumstances amounting to good cause may be "where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where plaintiff was unaware of the defendant in service until after the deadline expired." *Id.* (citing *Hoffman v. Balt. Police Dep't*, 379 F.Supp.2d

4

778, 786 (D.Md. 2005)). "'[I]nadvertence or neglect of counsel' . . . will not suffice to satisfy the standard of 'good cause.'" *Combs v. Shapiro & Burson LLP*, No. GJH-15-846, 2016 WL 1064459, at *4 (D.Md. Mar. 14, 2016) (quoting *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77 (D.Md. 1995)).

Wheelz Up contends that it has established good cause to extend the deadline because good faith efforts to serve Mr. Cordero have not been successful. The court agrees. Wheelz Up has shown that it undertook reasonable and diligent efforts to effect service. Accordingly, good cause exists to extend the time to serve Mr. Cordero.

### B. Plaintiff's Motion for Alternate Service

Rule 4(e)(1) provides, in pertinent part, that an individual defendant may be served pursuant to "state law . . . in the state where the district court is located." Under Maryland law, service can be effected

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery."

5

Md. Rules 2-121(a). Maryland Rule 2-121(b) applies when defendants are evading service, and provides that:

> When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant.

Md. Rules 2-121(b). Maryland Rule 2-121(c), in turn, provides that:

> When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.

Md. Rules 2-121(c). To pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920-21 (4th Cir. 1996). "When available, the combination of the two service options of mailing to the last known address and posting service

6

on the door of that address, sometimes referred to as 'nail and mail,' continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service." *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, No. PWG-12-148, 2013 WL 12423808, at *2 (D.Md. Feb. 15, 2013).

Wheelz Up has provided an affidavit showing eight (8) unsuccessful service attempts on Mr. Cordero in this case and twenty-seven (27) unsuccessful attempts in the related case. (ECF No. 34-3). Service under Md. Rule 2-121(a) has failed and "defendant has acted to evade service" under Md. Rule 2-121(b). Wheelz Up seeks to effect alternate service by "nail and mail" to Mr. Cordero's last known Las Vegas address and to his mother's last known address. They also seek to serve Mr. Cordero by email to his last known email address. They assert that these approaches, together, will provide notice "reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane*, 339 U.S. at 314. Pursuant to Md. Rule 2-121(c) "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Accordingly, service will be authorized on Mr. Cordero by emailing him a copy of the Summons and Third-Party Complaint and by mailing and leaving a copy of the Summons

7

and Third-Party Complaint at his and his mother's last known address.

## III. Conclusion

Wheelz Up has attempted diligently to serve Mr. Cordero. He is evading service and further attempts would be futile. Although Mr. Cordero may not be aware of this case, he is aware that Wheelz Up has or will pursue legal action to recover funds that he ostensibly diverted to accounts he controlled.

The court concludes that good cause exists to authorize alternative service and to extend the time to serve Mr. Cordero. Service may be effectuated by posting on the door and mailing the Summons and Third-Party Complaint to the last known addresses for both Mr. Cordero and his mother, and by emailing the Summons and Third-Party Complaint to Mr. Cordero's last known email address. Together, these methods are reasonably calculated to provide him with notice of this case and to give him a reasonable opportunity to respond. A separate order follows.

                                      /s/
                              DEBORAH K. CHASANOW
                              United States District Judge