**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>CHIEF MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593<br>MDD_TJSchambers@mdd.uscourts.gov |

November 26, 2024

LETTER OPINION AND ORDER:

  Re: *LPUSA, LLC v. Wheelz Up Garage, Inc.*, *et al.*
     Civil Case No. DKC-24-1385

Dear Counsel,

  This case was referred to me for discovery and related scheduling matters. ECF No. 44. Pending before the Court is non-party John Daryl Avenido's ("Mr. Avenido") Motion for Protective Order ("Motion") (ECF No. 41). Having considered the parties' submissions (ECF Nos. 41, 46 & 49), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.

  In this case, Plaintiff LPUSA, LLC ("LPUSA") sued Defendants Wheelz Up Garage, Inc., *et al.* (collectively, "Wheelz Up") for breach of contract, money had and received, and fraud. ECF No. 1. All claims arise from LPUSA's allegation that Wheelz Up submitted over $1.3 million in fraudulent reimbursement claims to LPUSA. Wheelz Up filed a third-party complaint against Adrianne Harold Cordero ("Mr. Cordero"), a former Wheelz Up employee that allegedly made the fraudulent claims without Wheelz Up's knowledge. ECF No. 22. In the third-party complaint, Wheelz Up seeks indemnification and contribution for whatever amount Wheelz Up is held liable to LPUSA. Under the governing scheduling order, expert disclosures are due beginning November 22, 2024, and discovery closes on February 5, 2025. ECF No. 33.

  During discovery, Wheelz Up served a subpoena for the production of documents on Mr. Avenido. *See* ECF No. 41-2. The subpoena contains 25 document requests seeking, among other things, communications between Mr. Cordero and Mr. Avenido; documents related to LPUSA; documents related to Mr. Avenido and Mr. Cordero's departure from Wheelz Up; documents related to AD Performance, LLC; documents related to Mr. Cordero's current location; and documents related to Jeb Lopez. On September 30, 2024, Mr. Avenido responded to the subpoena, asserting objections about undue burden, relevance, and proportionality. *See* ECF No. 46-1. A few days later, Mr. Avenido filed the instant Motion.

  In his Motion, Mr. Avenido seeks a protective order that allows him to put off responding to the subpoena until the resolution of a motion to dismiss pending in another case. The other case is *Wheelz Up, LLC v. Cordero, et al.*, Case No. DKC-24-212. In that case, Wheelz Up sued Mr. Cordero, Mr. Avenido, and AD Performance, LLC. *See* ECF No. 24. Wheelz Up alleges that Mr. Cordero, Mr. Avenido, and their company (AD Performance, LLC) are liable for violating the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1962(c), 1964(a), and for tortious interference with business relationship and breach of the duty of loyalty. Mr. Avenido moved to

dismiss Wheelz Up's claims, and the motion remains pending. ECF No. 29. Because a motion to dismiss is pending, the Court has not issued a scheduling order. And the Court has denied Wheelz Up's request to take discovery before a scheduling order is entered. ECF No. 54.

In this case, Mr. Avenido argues that a protective order is warranted because he is a non-party and allowing discovery in this case would amount to an end run around the Court's order denying Wheelz Up's request to take discovery in Case No. DKC-24-212. ECF No. 41-1. He suggests that an order protecting him from having to respond to discovery requests until the motion to dismiss is decided in the other case will save him the time and expense of responding to two sets of discovery requests. *Id.* at 6. He also argues that the discovery that Wheelz Up seeks from him may be available from the parties in this case (including Wheelz Up itself). ECF No. 49.

Wheelz Up objects to the Motion. ECF No. 46. It explains that it cannot obtain discovery from Mr. Cordero because he has evaded service and cannot be located. *Id.* at 1. Mr. Avenido is the "next best source" of the information that Wheelz Up needs to defend against LPUSA's claims. *Id.* Wheelz Up argues that a delay of discovery in this case cannot be justified simply because of a pending dispositive motion in another. Even if Mr. Avenido prevails on his motion to dismiss in the other case, Wheelz Up will continue to seek discovery from him in this case. And if the motion to dismiss is denied, Wheelz Up implies that it will not seek cumulative or duplicative discovery from Mr. Avenido. *Id.* at 2.

The scope of discovery under Rule 26 is broad. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A "court *may*, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added). A court "*must* limit the frequency or extent of discovery" if it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

Rule 45(d) provides, in pertinent part:

>   (3) *Quashing or Modifying a Subpoena.*
>> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>>> (i) fails to allow a reasonable time to comply;
>>> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>>> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d).

As the movant, Mr. Avenido bears the burden of persuasion on his motion to quash. *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed.) (collecting cases). Mr. Avenido does not argue that the subpoena fails to allow a reasonable time to comply or that the subpoena requires disclosure of privileged or other protected matter. *See* Fed. R. Civ. P. 45(d)(3)(A)(i), (iii). And the Court notes that the subpoena does not require compliance beyond Rule 45(c)'s geographical limits. Fed. R. Civ. P. 45(d)(3)(A)(ii). Thus, in order to obtain an order quashing the subpoena, Mr. Avenido must show that it subjects him to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). "When a non-party claims that a subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008).

The Court is not convinced that the subpoena subjects Mr. Avenido to an undue burden. Wheelz Up persuasively argues that Mr. Avenido is in possession of information relevant to the claims and defenses in this case. It does not matter that Mr. Avenido's motion to dismiss Wheelz Up's claims against him in another case remains pending. However the motion to dismiss is decided, Wheelz Up will remain a defendant in this case. As a defendant, Wheelz Up is entitled to conduct discovery, including seeking discovery from non-parties like Mr. Avenido. Even putting aside Wheelz Up's general right to obtain discovery from non-parties, Wheelz Up has demonstrated a substantial need to seek discovery from Mr. Avenido because Mr. Cordero has made himself unavailable. Staying the deadline for Mr. Avenido to comply with the subpoena until the motion to dismiss is decided would lead to unjustifiable delay in this case. *See generally Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988) ("Disruption or prolongation of the discovery schedule is normally in no one's interest. A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted. Matters of importance may be mislaid or avenues unexplored. A case becomes more of a management problem to the Court when it leaves the normal trial track. While time may heal some disputes, in others it merely permits more opportunity for festering.").

As to the substance of Wheelz Up's subpoena's document requests, Mr. Avenido makes only boilerplate objections as to why production would impose an undue burden. He does not particularize how expensive or time-consuming compliance with the subpoena would be. *See generally Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000) (Grimm, J.) (explaining that a "party claiming that a discovery request is unduly burdensome must allege

specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence."). Having reviewed the subpoena, the Court is satisfied that all of the requests are within the broad scope of discovery under Rule 26 and proportional to the needs of the case. Because Mr. Avenido has not shown that compliance with the subpoena would be unduly burdensome, his objections are overruled. The Motion (ECF No. 41) is **DENIED**.

Wheelz Up argues that Mr. Avenido must be required to pay the expenses it incurred in opposing his motion. ECF No. 46 at 10 (citing Fed. R. Civ. P. 37(a)(5)(B)). But Rule 37 sanctions are reserved for parties, and Mr. Avenido is not a party in this case. *See, e.g.*, *Kerr v. McKay*, No. 2:20-CV-00190, 2022 WL 479140, at *4 (S.D.W. Va. Feb. 15, 2022) (citing *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994)). Because there is no legal basis to impose Rule 37 sanctions against Mr. Avenido, Wheelz Up's request for sanctions is **DENIED**.

Mr. Avenido is ordered to produce documents responsive to the subpoena by **December 14, 2024**. If Mr. Avenido does not comply with this Order, Wheelz Up may move for an order directing Mr. Avenido to show cause why he should not be held in contempt. *See* Fed. R. Civ. P. 45(g).

The Clerk of Court shall transmit a copy of this Order to Mr. Avenido's counsel.

Despite the informal nature of this letter, it is an Order of Court and will be docketed as such.

                                               Sincerely yours,

                                               /s/
                                           Timothy J. Sullivan
                                           Chief United States Magistrate Judge